**SO ORDERED.**

**SIGNED this 12th day of February, 2014.**



*Dale L. Somers*
Dale L. Somers
United States Bankruptcy Judge
_____

Designated for print publication
**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF KANSAS**

In re:

**CHRISTIE LYNN LIKINS,**

                **DEBTOR.**

**CASE NO. 12-11662
CHAPTER 7**

**MEMORANDUM OPINION AND JUDGMENT DENYING DEBTOR'S CLAIM
OF EXEMPTION OF AMERICAN OPPORTUNITY TAX CREDIT**

Debtor Cristie Likins filed an amended Schedule C, "Property Claimed as Exempt," that included $1,000[1] for her "2012 American Opportunity Credit" under 20 U.S.C. § 1095a(d). The Chapter 7 Trustee, Linda S. Parks, objected. The case has been

---

[1] The $1,000 exemption amount is inconsistent with the parties' joint Stipulation of Facts (doc. 58) and their briefs. The joint stipulation states, "Debtor's AOC was $1,117.00. Of that, $534.00 was a refundable credit and $583.00 was a non-refundable credit." Debtor seeks to exempt both the refundable and non-refundable credits, and the Trustee opposes both exemptions. The Court will decide the controversy using the exemption amounts stated in the stipulated facts.

submitted for decision[2] on a joint stipulation of facts and the briefs.[3] For the reasons discussed below, the Court denies the exemption.

**SUMMARY OF STIPULATED FACTS.**[4]

Debtor filed a petition under Chapter 7 on June 2012. Linda S. Parks is the appointed and acting Chapter 7 Trustee. Debtor's federal income tax return for 2012 reflects a refund $7,912, and her state income tax return reflects a refund of $1,349. The Trustee is entitled to 172/366ths of the nonexempt refunds.

In her 2012 federal income tax return, Debtor received an education tax credit called the American Opportunity Credit.[5] "The . . . credit is allowed up to $2,500 per student per year for qualified tuition, related expenses and course materials for each of the first four years of a student's post-secondary education in a degree or certificate program."[6] The credit can be received regardless of whether the expenses are paid by

---

[2] The Court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(a) and (b) and the Standing Order of the United States District Court for the District of Kansas that exercised authority conferred by § 157(a) to refer to the District's bankruptcy judges all matters under the Bankruptcy Code and all proceedings arising under the Code or arising in or related to a case under the Code, effective July 10, 1984. The allowance of exemptions from property of the estate is a core proceeding which this Court may hear and determine as provided in 28 U.S.C. § 157(b)(2)(B). There is no objection to venue or jurisdiction over the parties.

[3] Debtor is represented by Martin J. Peck. The Trustee is represented by Rachel Lomas of Hite, Fanning & Honeyman, L.L.P.

[4] The following facts are from the Stipulation of Facts, doc. 58, unless another source is stated.

[5] 26 U.S.C. § 25A(i).

[6] 8 Carina Bryant, *Mertens Law of Federal Income Taxation,* § 32:39 (database updated January 2014), *available on* Westlaw at MERTENS § 32:39.

2

cash, check, credit card, debit card, borrowed funds, or a third party.[7] The credit can be a refundable credit, a non-refundable credit, or both.

Debtor's Amended Schedule C claimed as exempt her refundable and non-refundable American Opportunity Credits under 20 U.S.C. § 1095a(d). Her total credit was $1,117. Of that $1,117, $583 was non-refundable; it reduced her tax liability to zero. The remaining $534 of the credit was refundable and made up part of her $7,912 federal tax refund. Debtor's qualification for the credit was based upon the fact that she was a student in 2012 and paid tuition with her federal student loan proceeds.

**DISCUSSION.**

   **1. The American Opportunity Tax Credit.**

The Taxpayer Relief Act of 1997 added two non-refundable tax credits for the costs of higher education, the Hope Scholarship Credit and the Lifetime Learning Credit.[8] For tax years 2009 through 2017, the Hope Scholarship Credit has been modified and these modifications have been renamed the American Opportunity Credit (AOC). Under the modifications, forty percent of the AOC is refundable, except in limited circumstances.[9] The source of the funding used to pay the costs of the higher education is

---

[7] *See* Doc. 63-2, 2-3, Exhibit B to Trustee's brief (2012 Instructions for IRS Form 8863, "Education Credits (American Opportunity and Lifetime Learning Credits)").

[8] 8 *Mertens Law of Federal Income Taxation* at § 32:2, "Education Credits."

[9] *Id.* at § 32:39.

not a factor in determining the credit.[10]

**2. Applicable exemption statutes.**

So long as they have lived in Kansas for two years or more, debtors filing bankruptcy here are allowed the exemptions permitted under Kansas state law and non-bankruptcy federal law.[11] There is no Kansas exemption applicable to AOC refunds. The non-bankruptcy federal exemptions available to Kansas debtors include one for "federally insured or guaranteed student loans, grants, and work assistance" under 20 U.S.C. 1095a(d),[12] which provides:

> **No attachment of student assistance.** Except as authorized in this section, notwithstanding any other provision of Federal or State law, no grant, loan, or work assistance awarded under this title, or *property traceable to such assistance*, shall be subject to garnishment or attachment in order to satisfy any debt owed by the student awarded such assistance, other than a debt owed to the Secretary and arising under this title.[13]

"This title" refers to Title 20 of the United States Code, "Education." Most federal student assistance is authorized by 20 U.S.C. § 1070, *et seq.*[14] Hence, federal student

---

[10] *See* Doc. 63-2, 2-3, Exhibit B to Trustee's brief (2012 Instructions for IRS Form 8863, "Education Credits (American Opportunity and Lifetime Learning Credits)).

[11] 11 U.S.C. § 522(b)(3) and K.S.A. 60-2312.

[12] 4 *Collier on Bankruptcy*, ¶ 522.02[3] at 522-18 (Alan N. Resnick & Henry J. Sommer, eds.-in-chief, 16th ed. 2013).

[13] 20 U.S.C. § 1095a(d) (emphasis added).

[14] Deanne Loonin, *Student Loan Law*, National Consumer Law Center, App. A at 193 (3rd ed. 2006).

4

grants, loans, and work assistance, and property traceable to such assistance are exempt.

**3. Neither the refundable nor the non-refundable portion of Debtor's AOC is exempt under 20 U.S.C. § 1095a(d).**

In this case, Debtor contends that both the refundable and the non-refundable portions of her AOC are exempt because they are traceable to her student loan assistance. The factual basis for the position is the parties' stipulations that Debtor "was able to take the AOC because of tuition paid during 2012" and that Debtor "paid that tuition using student loan proceeds."[15]

Whether the exemption of the AOC refunds is permitted therefore turns on the meaning of the phrase "property traceable to such assistance" in 20 U.S.C. § 1095a(d). The statute does not define the phrase. "Tracing" is defined in Black's Law Dictionary as "[t]he process of tracking property's ownership or characteristics from the time of its origin to the present."[16] Tracing is expressly allowed for purposes of the exemptions enumerated in 11 U.S.C. § 522(d)(11). For these exemptions, a leading bankruptcy treatise defines tracing as "the right to preserve an exemption as the exemptable property changes form, . . . for example, from the right to receive an exempt payment, to payment in the form of a check, to a bank deposit, and ultimately to cash proceeds."[17]

Cases finding the proceeds of student loans to be exempt under 20 U.S.C.

---

[15] Doc. 58, 2.

[16] Black's Law Dictionary (9th ed. 2009), *available on* Westlaw at BLACKS, "tracing."

[17] 3 William L. Norton, Jr., and William L. Norton III, *Norton Bankruptcy Law & Practice 3d*, § 56:9 at 56-29 (Thomson Reuters 2013).

5

§ 1095a(d) utilize generally accepted methods of tracing cash proceeds. For example, in *Brindle v. Arata*,[18] the Indiana Court of Appeals held that the proceeds of a student loan deposited into the student's personal checking account retained their exempt status. It reasoned that Congress intended to allow students to deposit loan proceeds in their checking accounts without fear of attachment by judgment creditors.[19] In *Perkins*,[20] the bankruptcy court applied the lowest-intermediate-balance method of tracing to sustain a debtor's claim of exemption of student loan proceeds garnished from her savings account prepetition and returned to the bankruptcy estate. In *Drescher*,[21] the court sustained the debtor's claimed exemption of garnished funds which were traceable, using the first-in-first-out method the parties agreed was appropriate, to her deposit of student loan proceeds into her savings account.

Debtor points to no case law supporting her contention that the AOC refunds are traceable to her student loans, but she argues that "the [tax] credit was the direct result of the debtor's use of student loan proceeds."[22] As stated above, the legal or technical meaning of tracing of property is the identification of specific property as it changes form. "Result" as Debtor uses it here, on the other hand, means the consequence of a

---

[18] *Brindle v. Arata*, 940 N.E.2d 320 (Ind. App. 2010).

[19] Id. at 322.

[20] *In re Perkins*, 2011 WL 4458961 at *5 (Bankr. N.D. Ohio Sept. 23, 2011).

[21] *In re Drescher*, 2013 WL 4525232 at *4 n. 7 (Bankr. D. Or. Aug. 27, 2013).

[22] Doc. 61, 2.

particular action.  Although the common usage meanings of "result" and "tracing" are similar, they are entirely different legal concepts.  The Court finds that the legal or technical meaning of "tracing" should be adopted when construing 20 U.S.C. § 1095a(d).  It is the meaning used by the decisions cited above that found the exemption to be applicable to the proceeds of student loans, and the meaning applied when construing the exemptions allowed by 11 U.S.C. § 522(d)(11).[23]  To construe "property traceable to" a student loan as used in 20 U.S.C. § 1095a(d) to include a tax refund which is the result of a student loan would expand the meaning of the exemption.  Debtor's student loan assistance did not change form; the AOC is a new property interest having its source in the student loan assistance.

An argument, similar to Debtor's, to apply the wage garnishment exemption for 25% of a person's aggregate disposable income under the Consumer Credit Protection Act to a tax refund having its source in wages was rejected by the United States Supreme Court in *Kokoszka v. Belford*.[24]  The Court characterized the debtor's position as being "that a tax refund, having its source in wages and being completely available to the taxpayer upon its return without any further deduction, is 'disposable earnings' within the meaning of the statute."[25]  The Supreme Court agreed with the lower court that the terms in the exemption statute "were limited to periodic payments of compensation" and did

---

[23] *See* 3 *Norton Bankr. Law & Prac. 3d*, § 56:9 at 56-29.

[24] 417 U.S. 642 (1974).

[25] *Id.* at 649.

"not pertain to every asset that is traceable in some way to such compensation."[26] The Tenth Circuit[27] cited *Kokoszka* when holding that a tax refund derived from wages was not "earnings from personal services" for purposes of an Oklahoma exemption statute. It reasoned that when an employer withheld funds from earnings, the withheld funds changed form and became a tax, which was not exempt as "earnings from personal services."[28] Judge Berger, another bankruptcy judge in this District, in *Rangel*[29] relied in part upon *Kokoszka* when holding that the Kansas exemption for "compensation paid or payable for personal services" was not broad enough to include a federal income tax refund simply because the refund could be traced to wages. He held that the exemption required "a direct link between the compensation and the personal services," and that the link had been severed when wages were withheld and became a "tax."[30]

The Court finds that the exemption for "property traceable to" student assistance is limited to property which was at one time student assistance.[31] Debtor's tax refund was never in the form of student assistance. A tax refund under the AOC results from or follows from the expenditure of funds, including student loan proceeds, for specified

---

[26] *Id.*, 417 U.S. at 651.

[27] *In re Annis*, 232 F.3d 749, 753 (10th Cir. 2000).

[28] *Id.* at 752.

[29] *In re Rangel*, 317 B.R. 553, 555 (Bankr. D. Kan. 2004).

[30] *Id.* at 555-56.

[31] In so holding, the Court is not implying that all property traceable to student loan proceeds is exempt.

8

educational purposes, but the refund is not a different form of the assistance.

**4. If Debtor's AOC were covered by 20 U.S.C. § 1095a(d), the exemption would apply only to the refundable portion of the credit.**

The Trustee agrees that if the AOC refund is exempt, then the refundable portion of the AOC, $534, should belong to Debtor. But Debtor argues that if the AOC refund is exempt under 20 U.S.C. § 1095a(d) because it is traceable to Debtor's student loan proceeds, then she also may exempt the non-refundable portion, $583, "because had the debtor not received the non-refundable portion of the credit, her $7,912 federal refund would have been reduced by the $583.00 credit, to $7,329."[32] The Trustee responds that "a non-refundable tax credit is not even property of the estate and so cannot be exempted."[33] The Court agrees with the Trustee.

An examination of Debtor's 2012 Form 1040A[34] illustrates the difference between the refundable and non-refundable portions of Debtor's AOC. First, Debtor computed her taxable income based on her wages. Since Debtor had no adjustments to gross income, her tax liability of $583 was computed based upon her taxable income, less exemptions and deductions. Then $583, the non-refundable portion of the AOC, was applied, reducing her tax liability to zero. Next, her total tax payments and credits of $7,912 were calculated as the sum of her wage withholdings, the earned income credit, the child tax

---

[32] Doc. 61, 3.

[33] Doc. 63, 7.

[34] Doc. 63-4.

9

credit, and the AOC credit of $534. Since she owed no taxes, the full amount of the payments and credits were determined to be the amount of her refund. Hence, the $543 AOC is referred to as a refundable credit.

Debtor provides no case authority allowing an exemption of a non-refundable tax credit. The Trustee cites several cases holding non-refundable credits to be ineligible for exemption. These cases include a decision holding that the debtors' 1999 non-refundable Hope Education Credit was not a "public assistance" benefit exempt under Idaho law.[35] The court distinguished the Hope credit from the earned income credit, which it had held was exempt under the Idaho public assistance exemption statute, on several bases, including the fact that the Hope credit, unlike the earned income credit, was non-refundable. "[W]hile the Hope credit offsets, dollar for dollar, a taxpayer's liability for tax, the earned income credit is treated in the same fashion as a tax payment."[36] This distinction between refundable and non-refundable credits is persuasive, since the AOC for 2012 on which Debtor relies is a modified version of the 1999 Hope credit.

The Tenth Circuit has held that the non-refundable portion of a debtor's federal child tax credit was not within a Colorado statute exempting "[t]he full amount of any federal or state income tax refund attributed to an earned income tax credit or a child tax credit."[37] The court noted that non-refundable tax credits "are subtracted from the tax, but

---

[35] *In re Crampton*, 249 B.R. 215 (Bankr. D. Idaho 2000).

[36] *Id*. at 217-18.

[37] *Cohen v. Borgman (In re Borgman)*, 698 F.3d 1255, 1257 (10th Cir. 2012).

10

Case 12-11662   Doc# 64   Filed 02/12/14   Page 10 of 13

can only reduce the tax to zero."[38] It then stated,

> We agree with the bankruptcy court that the nonrefundable portion of the CTC — i.e. the portion claimed in the "tax and credits" section of Form 1040 — never gives rise to a "refund." A reduction in tax liability, standing alone, will never result in a refund. Only items treated as "payments" — such as the earned income tax credit or the Additional CTC — can give rise to a refund, and then only to the extent that they exceed tax liability. Accordingly, the nonrefundable portion of the CTC, which is not treated as a "payment" under the Internal Revenue Code, is outside the scope of [the Colorado statute], which exempts only "refunds."[39]

In a decision pre-dating the Tenth Circuit's ruling, the Colorado bankruptcy court held that the non-refundable component of the federal child tax credit was not property of the estate, and therefore could not be exempted under the Colorado statute exempting any federal or state income tax refund attributable to a child tax credit.[40] It agreed with the following language from another decision:

> "The non-refundable child tax credit is not treated as an overpayment and, therefore, does not constitute any portion of a taxpayer's income tax refund. As such, the non-refundable child tax credit is not property of Debtors' bankruptcy estate and cannot be subject to collection and distribution by the Trustee. Debtors have already obtained the benefit of the entire child tax credit when they used the credit to reduce their tax liability. They cannot also use the credit to insulate part of their tax refund from use by the Trustee for the benefit

---

[38] *Id*. at 1260.

[39] *Id*. at 1261 (citations omitted).

[40] *In re Landgrebe*, 2009 WL 3253933 (Bankr. D. Colo. Sept. 23, 2009).

11

of their unsecured creditors."[41]

The court also reasoned, in the alternative, that the non-refundable credit was not an exempt refund for purposes of the Colorado exemption laws.[42] The intent of such exemptions is to keep certain property of a debtor protected from levy and sale under a writ of attachment or garnishment. A non-refundable credit never puts property into the hands of the debtor. In addition, although a creditor could attach or levy against the refundable tax credit, it could never do so as to the non-refundable portion.

The Court finds the foregoing authorities persuasive. The distinctions between refundable and non-refundable credits demonstrate that the non-refundable portion of the AOC would not be within the exemption from garnishment and attachment of student loan proceeds under 20 U.S.C. § 1095a(d), even if the refundable portion were. Debtor fully realized the value of the non-refundable credit when it was applied to reduce her tax liability to zero. Debtor could never receive the credit; its only function was to reduce her tax liability. The non-refundable portion of the AOC is therefore not property of Debtor's bankruptcy estate. It could not be attached by Debtor's creditors. The exemption of 20 U.S.C. § 1095a(d) does not apply to it.

**CONCLUSION.**

For the forgoing reasons, the Court sustains the Trustee's objection to Debtor's

---

[41] *Id.* at *2 (*quoting In re Klostermeier*, 2009 WL 1617090, at *4 (Bankr. N.D. Ohio May 29, 2009)).

[42] *Id.* at 3.

claim of exemption of the refundable and non-refundable portions of her AOC.

The foregoing constitutes Findings of Fact and Conclusions of Law under Rules 7052 and 9014(c) of the Federal Rules of Bankruptcy Procedure, which make Rule 52(a) of the Federal Rules of Civil Procedure applicable to this matter.

**JUDGMENT**.

Judgment is hereby entered granting the Trustee's Objection to Exemption. The judgment based on this ruling will become effective when it is entered on the docket for this case, as provided by Federal Rule of Bankruptcy Procedure 9021.

**IT IS SO ORDERED.**

# # #